WAUKESHA COUNTY, Plaintiff-Respondent,

v.

Robert and Martha JOHNSON, Defendants-Appellants.†
[Case No. 81–573.]

MILWAUKEE COUNTY, Plaintiff-Respondent,

v.

Alberta BADE, Defendant-Appellant.†
[Case No. 81–826.]

Court of Appeals

*Nos. 81–573, 81–826. Submitted on briefs December 9, 1981.
—Decided March 2, 1982.*
(Also reported in 320 N.W.2d 1.)

† Petition to review denied.

For the defendants-appellants the cause was submitted on the brief of *John A. Hamell, Jr.*, and *Mary Jan Rosenak* of *Rausch, Hamell, Ehrle & Sturm, S.C.*, of Milwaukee. [Case No. 81–573.]

For the plaintiff-respondent the cause was submitted on the brief of *Terence P. Cahill*, assistant corporation counsel. [Case No. 81–573.]

For the defendant-appellant the cause was submitted on the briefs of *Peter M. Donohue* of *Phillips & Bloch, S.C.*, of Milwaukee. [Case No. 81–826.]

For the plaintiff-respondent the cause was submitted on the brief of *Stanley A. Miller*, Milwaukee county institutions. [Case No. 81–826.]

Before Decker, C.J., Moser, P.J., and Randa, J.

MOSER, P.J.   We have consolidated these cases only for purposes of disposition of appeal pursuant to sec. 809.10(3), Stats. In each case, the trial court granted summary judgment to the county, finding that under sec. 49.65[1] the county was entitled to be reimbursed for

---

[1] Section 49.65, Stats., was enacted by ch. 55, Laws of 1967. The statute was repealed and recreated by sec. 598, ch. 29, Laws of 1977, effective July 1, 1977. Subsection (1) of 49.65 was amended by sec. 400, ch. 221, Laws of 1979, effective April 30, 1980. Section 49.65 was amended again by sec. 881, ch. 20, Laws of 1981, effective July 31, 1981. All references are to the 1977 statute.

Sec. 49.65, Stats. (1977), provides in pertinent part:

49.65 Third party liability. (1) Subrogation. The department, county or municipality providing any public assistance authorized under this chapter, including medical assistance, as a result of the occurrence of an injury, sickness or death which results in a possible recovery or indemnity from a 3rd party, including an insurer, may make a claim or maintain an action in tort against the 3rd party.

(2) Assignment of actions. The department, county or municipality providing any public assistance authorized under this

medical assistance payments from the proceeds of an insurance settlement obtained by the defendant. We affirm.

chapter, including medical assistance, as a result of the occurrence of injury, sickness or death which results in a possible recovery of indemnity from a 3rd party, including an insurer, may require an assignment from the applicant or recipient of such public assistance or legally appointed representative of the incompetent or deceased applicant or recipient giving it the right to make a claim against the 3rd party.

(3) Control of action. The applicant or recipient or any party having a right under this section may make a claim against the 3rd party or may commence an action and shall join the other party as provided under s. 803.03(2). Each shall have an equal voice in the prosecution of such claim or action.

(4) Recovery; how computed. Reasonable costs of collection including attorney's fees shall be deducted first. The amount of assistance granted as a result of the occurrence of the injury, sickness or death shall be deducted next and the remainder shall be paid to the public assistance recipient. The amount of the medical assistance funds recovered shall be subject to fees and proration as is set forth in sub. (6).

Section 49.65(1), Stats. (1979), provides:

49.65 Third party liability. (1) Subrogation. The department, county or municipality providing any public assistance under this chapter as a result of an act that creates a claim or cause of action on the part of the public assistance recipient against a 3rd party, including an insurer, is subrogated to the rights of the recipient or the beneficiary and may make a claim or maintain an action in tort against the 3rd party.

In 1981, the phrase, "or elected tribal governing body" was added to the list of public assistance providers included in subsections (1), (2) and (6) of sec. 49.65, Stats. Subsection (7) was also added. Section 49.65(7) provides:

(7) Welfare claims not prejudiced by recipient's release.

(a) No person who has or may have a claim or cause of action in tort and who has received assistance under this chapter as a result of the occurrence that creates the claim or cause of action may release the liable party or the liable party's insurer from liability to the units of government specified in sub. (1). Any payment to a beneficiary or recipient of assistance under this chapter

On August 13, 1979, Robert Johnson (Johnson) was involved in an automobile accident which left him a quadriplegic. Following the accident, Waukesha County provided Johnson with medical assistance of $12,728.90. Johnson subsequently settled his claim against the other driver for the policy limits of $100,000. Waukesha County brought an action for reimbursement of the medical assistance payments from the proceeds of the settlement pursuant to sec. 49.65, Stats. The trial court granted summary judgment to Waukesha County, finding that sec. 49.65 abrogates the common law rule which requires that an insured-subrogor must be made whole prior to any recovery by an insurer-subrogee.

On September 25, 1978, Alberta Bade (Bade) was injured in a motor vehicle accident. Her injuries included severe facial injuries, bruises and permanent scarring. Following the accident, Bade assigned her cause of action against the tort-feasor to Milwaukee County[2] and received $3,610.91 in medical assistance from the County. Bade recovered $15,000, the policy limit, from the tort-feasor's insurer in settlement of her claim. Milwaukee County brought an action pursuant to sec. 49.65, Stats.,

in consideration of a release from liability is evidence of the payer's liability to the unit of government that granted the assistance.

(b) Liability under par. (a) is to the extent of assistance payments under this chapter resulting from the occurrence creating the claim or cause of action, but not in excess of any insurance policy limits, counting payments made to the injured person. The unit of government administering assistance shall include in its claim any assistance paid to or on behalf of dependents of the injured person, to the extent that eligibility for assistance resulted from the occurrence creating the claim or cause of action.

[2] The fact of the assignment was not pleaded to the trial court or included in the parties' stipulation of facts. The assignment is mentioned in briefs to the trial court, in the trial court's memorandum decision and order and in Bade's appellate brief. The presence or absence of an assignment has no bearing on the county's right to bring an action or to recover pursuant to sec. 49.65, Stats.

seeking reimbursement of the $3,610.91 from the settlement proceeds. The trial court granted summary judgment to Milwaukee County, finding that the common law rule does not apply in this case because Milwaukee County is not Bade's insurer.

It is uncontroverted that neither Johnson nor Bade was made whole by the insurance settlement. Johnson and Bade contend that the trial court erred by granting summary judgment to the counties because under the common law equity doctrine of subrogation, the subrogors (Johnson and Bade) must be made whole before the the subrogees (the counties) may recover anything from the tort-feasor.[3] The question we must decide, therefore, is whether sec. 49.65, Stats., renders the common law doctrine inapplicable to counties providing medical assistance. We hold that it does.

## COMMON LAW DOCTRINE

Subrogation puts one to whom a right does not belong in the position of the owner of that right. The extent of the new right created in favor of the subrogee is measured by the original right in the subrogor.[4] "Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer."[5] Its purpose is to prevent unjust enrichment. Under common law subrogation, the subrogor must be made whole before the subrogee may recover from a third-party tort-feasor.[6]

---

[3] *Garrity v. Rural Mut. Ins. Co.*, 77 Wis. 2d 537, 541, 253 N.W. 2d 512, 514 (1977).

[4] *Id.*

[5] *Id.*

[6] *Id.*

Subrogation is employed extensively in the insurance industry. Our supreme court has held that where subrogation arises by insurance contract, absent language in the contract to the contrary, the insured-subrogor must be made whole before the insurer-subrogee may recover from the tort-feasor.[7] The rationale commonly given for applying the common law rule to insurance cases is that, "where either the insurer or the insured must to some extent go unpaid, the loss should be borne by the insurer for that is a risk the insured has paid it to assume."[8]

## THE STATUTE

Under sec. 49.65, Stats., a county (or municipality or department) that is providing aid as a result of sickness, injury or death for which a third party may be responsible may make a claim or maintain an action in tort against the third-party tort-feasor. The county may require an assignment from the recipient, giving it the right to make a claim against the third party. Either the recipient or the county may commence an action against a third party, but each must join the other in the action, and both have an equal voice in prosecuting the action. If there is a recovery against the tort-feasor, collection costs, including reasonable attorney's fees, are paid first, the county's costs are paid next, and the remainder, if any, is paid to the public assistance recipient.[9]

## EFFECT OF STATUTE ON COMMON LAW RULE

We believe that sec. 49.65, Stats., on its face, renders the common law subrogation principles inapplicable to

---

[7] *Id.* at 546–47, 253 N.W.2d at 516.

[8] *Id.* at 542, 253 N.W.2d at 514.

[9] Note 1, *supra.*

counties seeking reimbursement pursuant to that section. In clear, unambiguous and peremptory language, the statute sets forth the respective rights of the county and public assistance recipient regarding actions against and recovery from a third-party tort-feasor. Section 49.65 provides that a county may maintain its own action, provided that the recipient is made a party; that the county has equal control over the claim; and, that the county must be paid before the recipient obtains compensation. Where, as here, the language of a statute is clear and unambiguous, we must give the statute the effect its language warrants.[10]

Johnson argues that we must look to legislative intent to ascertain the meaning of the term "subrogation." Bade contends that we are bound by the rules of statutory construction to give effect to the common law rule. We conclude that it would be inappropriate to resort to rules of interpretation and construction.

It is well-established that a statute in derogation of the common law must be strictly construed so as to have minimal effect on the common law rule.[11] The canons of construction provide that a statute does not abrogate or change any principle or rule of common law unless it is so clearly expressed as to leave no doubt of the legislature's intent.[12] However, for this rule of statutory construction to apply, three requirements must be met:

[10] *See Wisconsin Bankers Ass'n v. Mutual Sav. & Loan Ass'n,* 96 Wis. 2d 438, 450, 291 N.W.2d 869, 875 (1980).

[11] 3 C. Sands, Statutes and Statutory Construction § 61.01–.06 at 41–62 (4th ed. 1974); Page, *Statutes in Derogation of Common Law: The Canon as an Analytical Tool,* 1956 Wis. L. Rev. 78, 78–79 (1956). *See Cobb v. Milwaukee County,* 60 Wis. 2d 99, 120, 208 N.W.2d 848, 859 (1973).

[12] *Wisconsin Bankers Ass'n, supra* note 10, at 453, 291 N.W.2d at 876.

(1) there must be a common law doctrine in existence, or potentially in existence, relevant to the issue presented by the parties; (2) the statute in issue must be one which, construed as the party pleading it contended, would operate to change the common law; and (3) the statute must be ambiguous on its face.[13]

Although it is clear that there is a common law doctrine relevant to the issue at hand and that the statute is in derogation of that common law rule, it is also clear that the statute is unambiguous on its face.[14] Consequently, we are precluded from interpreting the legislature's meaning through rules of statutory construction.[15] We are likewise precluded from looking to legislative intent to ascertain the meaning of the statute's terms.[16]

Additionally, we note that the common law rule relied upon by the appellants is not at all applicable to these cases. As we have indicated, the reason for holding the rule applicable to an insurer-subrogee is to protect the subrogor from a risk of loss for which the subrogor has paid a premium and the insurer-subrogee has undertaken the risk. No such circumstances exist in these cases.

We conclude that the trial courts did not err by permitting the counties to be reimbursed for medical assistance payments despite the fact that Johnson and Bade had not been fully compensated.

*By the Court.*—Judgment in case No. 81–573 affirmed. Decision and order in case No. 81–826 affirmed.

---

[13] *Id.* at 453, 291 N.W.2d at 877.

[14] *See* discussion in text at note 10, *supra.*

[15] *State v. Derenne*, 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981).

[16] *Wisconsin Bankers Ass'n, supra* note 10 at 450, 291 N.W.2d at 875; *Hucko v. Jos. Schlitz Brewing Co.*, 100 Wis. 2d 372, 376, 302 N.W.2d 68, 71 (Ct. App. 1981).