**AVEMCO INSURANCE COMPANY,**
Plaintiff,

v.

**The CESSNA AIRCRAFT COMPANY,**
Defendant.

Nos. 87–C–0825–S, 89–C–0425–S.

United States District Court,
D. Utah, C.D.

Dec. 4, 1991.

John Preston Creer, Salt Lake City, Utah, William L. Schanz, Irvine, Cal., for plaintiff.

Tracy Fowler, Campbell, Maack & Sessions, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

SAM, District Judge.

This matter is before the Court on Defendant Cessna's Motion for Summary Judgment and Motion to Dismiss First Amended Complaint for Indemnity and Contribution. The hearing on these motions took place on November 7, 1991. Tracy Fowler, Esq. represented Cessna and William L. Schanz, Esq., participating telephonically, and John Preston Creer, Esq. represented Avemco. The court took the matter under advisement.

*Underlying facts*

This case arose out of an airplane crash on or about June 4, 1985, in which Cornelia Barker and Andrew Kasamis, passengers on the plane, were injured. The plane was a Cessna 180 and was owned by Mr. Goodfellow and Goodfellow Corporation (Goodfellows) and insured by Avemco Insurance

Company (Avemco). Mr. Goodfellow was piloting the plane when it crashed. In approximately 1986, Barker sued Cessna in the United States District Court for the Central District of California. Cessna brought a third-party action against the Goodfellows and Goodfellows did not assert any counterclaims against Cessna. Neither Avemco or Cessna were parties to the *Barker* litigation.

Andrew Kasamis, the other injured passenger, independently asserted a claim for his injuries against Goodfellows. Goodfellows, through Avemco, settled that claim for the policy limits—$102,500. Mr. Kasamis executed a release which contained language that Avemco, its agents and its insureds were released along with "all other persons, firms, corporations, associations or partnerships of and from any and all claims,...." After settling his claim, Kasamis never attempted to sue Cessna, or any other party, for his injuries.

At the *Barker* trial, which bifurcated liability and damages, special verdicts were returned finding Cessna guilty of negligence; finding Goodfellows not guilty of negligence; and further finding defective product manufacturing by Cessna. Upon these verdicts and without appeal Cessna then settled with Barker.

In 1989, Avemco and Goodfellows sued Cessna in this court.[1] Avemco sued to recover the amount of money it paid in settlement of Kasamis' claim. Cessna moved for dismissal and a hearing was held before the magistrate. In a Report and Recommendation dated November 27, 1989 (Nov. 27 R & R), the magistrate recommended granting Cessna's motion only as it pertained to Avemco's indemnity claim and claim for property damage.[2] Cessna objected and a hearing on the objection was held in this court on January 6, 1990. The court, at the request of counsel, postponed ruling on the motion pending the parties' efforts to settle their dispute. Because Avemco and Cessna have been unable to resolve Avemco's claim, Cessna has renewed its motion to dismiss. Both parties have briefed the issues anew.

After thoughtful consideration of the parties' arguments and memoranda and a considerable amount of independent research, the court is now prepared to issue its memorandum decision. The issues raised by the motion to dismiss are as follows:

(1) Is Avemco now barred from asserting its claim for contribution or indemnification having failed to assert such claim in the *Barker* litigation when neither Avemco or Kasamis was a party to that action?;

(2) Did Kasamis' settlement agreement effectively waive Kasamis' right to assert any claims against Cessna although not expressly naming Cessna in the settlement agreement?;

(3) If Avemco ultimately prevails on its claim, is Avemco entitled to pre-judgment interest?; and

(4) Is this Court bound by its expression of a disposition to dismiss Avemco's claim for indemnity at the January 6, 1990 hearing on the motion to dismiss when the parties expressly requested the court to reserve a ruling pending settlement efforts, and such disposition was never formalized?

Those issues will be addressed in this memorandum decision in the order set forth above.

*1. Was Avemco's claim for contribution a compulsory counterclaim in the Barker litigation?*

■ Cessna claims that, because Avemco is subrogated to Goodfellows' claims as its insurer, Avemco is bound by Goodfellows' failure to assert a claim for contribution against Cessna in the *Barker* litigation. Cessna cites case law for the proposition that the insurer-subrogee stands in no bet-

---

1. The two cases were consolidated. Recently, however, Goodfellows settled their claims with Cessna and are no longer a part of this lawsuit.

2. Neither party has objected to the R & R as it pertains to Avemco's property damage claim. The court adopts the R & R as it pertains to that claim.

ter position than its insured.[3] Cessna, therefore, argues that because Goodfellows did not assert a counterclaim for contribution against Cessna in the *Barker* litigation, Avemco, by virtue of being subrogated to Goodfellows, cannot now bring a separate lawsuit to recover the amount of the settlement from Cessna.

Avemco counters that, because it was not a party (or "pleader") to the *Barker* litigation, it cannot be held to the compulsory counterclaim rule which requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party...." Fed.R.Civ.P. 13(a).

The parties' briefing fails to take into account the actual relationship between Avemco, Goodfellows and Kasamis. While Avemco was the insurer of Goodfellows, Avemco's settlement was not with Goodfellows, but with Kasamis. Thus, Avemco was acting as a surety and was not a subrogee. Once Kasamis' claim was paid by Avemco, Goodfellow was not in a position to assert a contribution or indemnity claim against Cessna. Any liability claim belonged to Kasamis until Avemco, in effect, purchased that claim which then became one for indemnity or contribution. As neither Kasamis or Avemco were parties to the *Barker* litigation and Goodfellows could not have asserted Avemco's claim, the claim asserted herein was not compulsory.

2. *Did the Settlement Agreement executed by Kasamis release Cessna from liability although not specifically referring to Cessna?*

On May 27, 1986, Andrew Kasamis entered into a Full Release of All Claims (the Release) with Goodfellows through their insurer Avemco. The Release names specific parties which Kasamis was discharging by the terms of the Release. In addition to the parties named specifically, the Release discharges "all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs...." The Release also provides:

> In the event that there is pending at this time in any court *any* suit or action brought by the undersigned to recover damages, by reason of the happening of the accident hereinabove referred to, the undersigned hereby authorizes and instructs his attorney of record in such suit or action to dismiss same forthwith with prejudice.

Release (attached as Exhibit C to Avemco's Motion for Partial Summary Judgment dated October 26, 1989), p. 4 (emphasis added).

Cessna contends that the Release is only effective as to the parties entering into the agreement and that Kasamis did not intend to release Cessna from liability. However, Cessna also concedes that had Kasamis attempted to sue Cessna for his injuries it would have invoked the Release as a defense. Additionally, Kasamis has never attempted to sue Cessna for his injuries which indicates to the Court Kasamis intended to release Cessna from liability when he signed the Release.

To give the language of the Release the meaning urged by Cessna would extract all meaning from the phrase "and all other persons, firms, corporations, ..." Moreover, it would require the Court to ignore Kasamis' express agreement that "*any* suit or action" Kasamis might bring to

---

3. Cessna relies on the Tenth Circuit's explanation of the rights of a subrogee in a lawsuit as set forth in *Dow Chemical Corp. v. Weevil–Cide Co., Inc.,* 897 F.2d 481, 484 (10th Cir.1990),

> [T]he claim of a subrogation plaintiff, or subrogee, 'is not a separate cause of action from the right held by the subrogor,' *Wilmot v. Racine County,* 136 Wis.2d 57, 400 N.W.2d 917, 919 (1987), but is derivative of the underlying claim which the subrogor held against the subrogation defendant. '[A] subrogee is one who steps into the shoes of the subrogor

to the extent it has made payment as a result of the actionable event.' *Id.* 'The extent of the right created in favor of the subrogee is measured by the original right in the subrogor.' *Waukesha County v. Johnson,* 107 Wis.2d 155, 320 N.W.2d 1, 3 (Ct.App.1982). Utah law provides: "an insurer-subrogee stands in the shoes of its insured and any defenses that are valid against the insured are also valid against the insurer." *Fashion Place Inv. v. Salt Lake County,* 776 P.2d 941, 945 (Utah App.1989).

recover damages stemming from the accident should be dismissed with prejudice. The provision whereby Kasamis consents to dismissal does not limit such consent to actions against the parties specifically named in the Release. Cessna, by admitting it would have invoked the Release language had Kasamis sued Cessna, demonstrates Cessna's understanding of what this Court considers to be plain language of the Release.

The Court concludes that the Release executed by Goodfellows and Avemco discharged Cessna of any liability to Kasamis.

3. *May Avemco recover pre-judgment interest on a contribution claim stemming from personal injury?*

■ Cessna argues that Utah law prevents recovery of pre-judgment interest in actions for contribution based on personal injury. The relevant Utah law is:

[W]here the damage is complete and the amount of the loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time ... and not from the date of judgment. On the other hand, where damages are incomplete or cannot be calculated with mathematical accuracy, such as in the case of personal injury ... the amount of the damages must be ascertained and assessed by the trier of the fact at the trial, and in such cases prejudgment interest is not allowed.

*Canyon Country Store v. Bracey,* 781 P.2d 414, 422 (Utah 1989) (quoting *First Sec. Bank of Utah v. J.B.J. Feedyards,* 653 P.2d 591, 600 (Utah 1982)).

Cessna contends that because Avemco's claim stems from a personal injury claim, Avemco cannot obtain prejudgment interest. However, that is a misinterpretation of the law. The amount of damages sought by Avemco is indeed complete and fixed at $102,500. Avemco has not sued for personal injury, but for indemnification in the amount of $102,500 or for contribution as a percentage of that fixed amount.

*Claim for Indemnity*

■ Cessna's final point is that the Court has already dismissed Avemco's claim for indemnity and should, therefore, not allow Avemco to continue to press that claim. In support of its argument, Cessna relies on statements by the Court at a hearing on January 6, 1990. However, those statements were made only to indicate to the parties the Court's preliminary disposition prior to the hearing so that the parties might fashion their arguments accordingly. While the Court did indicate, at the conclusion of the hearing, that its disposition remained unchanged, additional arguments regarding whether the indemnity claim was appropriate were made to the Court and additional briefing was requested. Moreover, the parties requested the Court to refrain from ruling on the indemnity issue (as well as all other issues discussed at the January 6, 1990 hearing) so that the parties could effectuate a settlement. The Goodfellows' claims were settled, but Avemco's were not. Consequently Cessna renewed its motion for summary judgment and both parties submitted new briefs on the remaining issues. The Court, having reserved judgment as to whether Avemco could pursue an indemnity claim, is not precluded from further consideration of the issue and reaching a decision contrary to its initial disposition.[4]

In the memoranda submitted to the magistrate concerning the indemnity claim, Cessna argued that indemnity was not available to Avemco because Goodfellows are not analogous to a retailer for purposes of invoking implied indemnity as in *Hanover Ltd. v. Cessna Aircraft Co.,* 758 P.2d 443 (Utah App.1988). However, Judge Billings in *Hanover* indicated that the party seeking equitable indemnification need not

---

4. The magistrate, in his Nov. 27 R & R, recommended that Avemco's indemnity claim be dismissed. Cessna filed the only written Objection to that R & R and did not object to the recommendation regarding the indemnity claim. However, both parties have continued to debate the viability of the indemnity claim as though Avemco had objected to the magistrate's conclusion. Nothing in the rules precludes the Court from reviewing the entire R & R under the *de novo* standard when an objection to a portion of the R & R has been filed.

be a retailer, but could be a "user" of the defective product. *Id.* at 446.

 Cessna also attempted to defeat Avemco's indemnity claim on the basis that the settlement with Kasamis must have been based on Avemco's assessment that Goodfellows were at least partially at fault. Because the law precludes a joint tortfeasor from seeking indemnity, Cessna argued, Avemco, having determined Goodfellows to be at fault, could not now sue for indemnification.

Having so addressed the indemnity claim, Cessna then artfully attempts to defeat Avemco's contribution claim on the basis that Avemco, in seeking indemnification, has taken the position that Goodfellows were not at fault and Cessna was 100% at fault. Therefore, according to Cessna, Goodfellows would not have been joint tortfeasors and would not be entitled to contribution.

The Court is concerned that a manifest injustice would result if the court dismisses the indemnity claim and then precludes Avemco from seeking or obtaining contribution based on the determination that Cessna was 100% at fault. Such a conclusion would also inhibit settlement efforts as parties would refuse to settle a dispute knowing they were forfeiting any right of indemnification should they later discover the entire fault rested with a third party.

For the foregoing reasons the Court will allow Avemco to proceed on its claims for equitable indemnification or contribution. Cessna's Motion for Summary Judgment and Motion to Dismiss First Amended Complaint for Indemnity and Contribution is DENIED.

It is so ORDERED.