COURT OF APPEALS
DECISION
DATED AND FILED

September 18, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP614**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV668

IN COURT OF APPEALS
DISTRICT II

JAMES EDDINGS, KENDA BULGRIN, FORREST BULGRIN EDDINGS,
A MINOR AND EVERETT BULGRIN EDDINGS, A MINOR,

    PLAINTIFFS,

CARPENTER & JOINERS WELFARE FUND AND WISCONSIN DEPARTMENT
OF HEALTH SERVICES,

    INVOLUNTARY-PLAINTIFFS,

  V.

THE ESTATE OF DONNA M. YOUNG,

    DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,

  V.

SHARON TOMLINSON AND SHOREWEST REALTORS, INC.,

    THIRD-PARTY DEFENDANTS-RESPONDENTS,

DEF INSURANCE COMPANY,

    THIRD-PARTY DEFENDANT.

APPEAL from an order of the circuit court for Walworth County: KRISTINE E. DRETTWAN, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

¶1     GUNDRUM, P.J.   The Estate of Donna M. Young appeals from an order of the circuit court.  It contends the court erred in concluding that the two-year statute of repose in WIS. STAT. § 452.142 (2021-22)[1] bars its third-party indemnification or, alternatively, contribution action against realtor Sharon Tomlinson and the firm she worked for, Shorewest Realtors, Inc., (collectively, Tomlinson) related to Tomlinson's role in the sale of Donna Young's home to James Eddings and Kenda Bulgrin.  For the following reasons, we conclude the circuit court did not err, and we affirm.

### Background

¶2     According to the complaint, when Donna Young suffered a stroke and became incapacitated, she was placed outside of her home, and her children enlisted Tomlinson to help sell the home.  Young executed a power of attorney making her adult daughter, Cynthia Simonsen, her attorney-in-fact.

¶3     Tomlinson provided Simonsen with a real estate condition report for Simonsen to sign on Young's behalf.  Simonsen, who had not lived at Young's home for decades, completed and signed the report, indicating she was not aware of any defects in the property.  Tomlinson drafted an offer to purchase the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

property on behalf of Eddings and Bulgrin and subsequently prepared a counteroffer that Simonsen executed. In January 2020, Eddings and Bulgrin closed on the property. Young passed away on October 11, 2021.

¶4     On June 21, 2022, Eddings, Bulgrin, and their two minor children (collectively, homebuyers) filed a complaint against Young's estate, alleging they sustained damages, including personal injury due to mold exposure, as a result of misrepresentations made by or on behalf of the Estate. In September 2022—approximately two years and eight months after the closing on Young's home—the Estate filed a third-party complaint against Tomlinson, asserting that any damages sustained by the homebuyers were solely caused by Tomlinson's negligent acts and omissions. The Estate sought equitable indemnification by Tomlinson or, alternatively, contribution from her.

¶5     Tomlinson moved to dismiss the Estate's third-party complaint on the basis that it is barred by the two-year statute of repose in WIS. STAT. § 452.142. The Estate opposed the motion, asserting, as it also does on appeal, that § 452.142 cannot properly be interpreted as barring its indemnification/contribution claims. The circuit court agreed with Tomlinson and granted the motion, concluding the language of § 452.142 is "clear and unambiguous" and bars the Estate's third-party action. The Estate appeals.

### Discussion

¶6     The Estate acknowledges WIS. STAT. § 452.142 is a two-year statute of repose but insists it does not bar the indemnification/contribution claims in its third-party complaint because interpreting the statute in such a manner abrogates common law, which the statute cannot do without clear language indicating the legislature intended such abrogation. Tomlinson counters that the plain language

3

of the statute is clear and unambiguous and bars the Estate's third-party action. We agree with Tomlinson.

Statutes of Repose

¶7 Our supreme court has explained:

> A statute of repose … limits the time period within which an action may be brought based on the date of an act or omission. A statute of repose does not relate to the accrual of a cause of action. In fact, it may cut off litigation *before* a cause of action arises.

***Hamilton v. Hamilton***, 2003 WI 50, ¶29, 261 Wis. 2d 458, 661 N.W.2d 832 (citation omitted). Black's Law Dictionary similarly defines a statute of repose as

> barring any suit that is brought after a specified time since the defendant acted … even if this period ends before the plaintiff has suffered a resulting injury.
>
> > A statute of repose … limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.

*Statute of Repose*, BLACK'S LAW DICTIONARY (10th ed. 2014) (citation omitted). And the United States Supreme Court has likewise explained:

> A statute of repose … puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant.… The repose provision is therefore equivalent to "a cutoff," in essence an "absolute ... bar" on a defendant's temporal liability.

… Statutes of repose effect a legislative judgment that a defendant should "be free from liability after the legislatively determined period of time." Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability.…

… Statutes of repose ... generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control.…

… [A] statute of repose is a judgment that defendants should "be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason."…

.…

A statute of repose … mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued. Thus, a statute of repose can prohibit a cause of action from coming into existence.…

… A statute of repose … may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs.

… "[A] repose period is fixed and its expiration will not be delayed by estoppel or tolling."

*CTS Corp. v. Waldburger*, 573 U.S. 1, 8-17 (2014) (citations omitted).

¶8      Thus, a statute of repose is a legislative determination that a defendant who otherwise might be held legally accountable for his or her conduct will not be so held as the defendant is "free from liability after the legislatively determined period of time," *id.* at 9 (citation omitted), despite any perceived inequity with this result. Once the statutorily designated time period has expired, "liability will no longer exist" even if the period of repose runs "before a plaintiff is entitled to sue, before an actionable harm ever occurs." *Id.* at 10, 17 (citation omitted).

WISCONSIN STAT. § 452.142

¶9 This appeal requires us to determine if the circuit court erred in concluding that WIS. STAT. § 452.142 bars the Estate's third-party action against Tomlinson. To make this determination, we must engage in statutory interpretation, which is a matter of law we review de novo. *Century Fence Co. v. American Sewer Servs., Inc.*, 2021 WI App 75, ¶8, 399 Wis. 2d 742, 967 N.W.2d 32.

¶10 WISCONSIN STAT. § 452.142 (emphasis added) provides:

> **(1)** Notwithstanding [WIS. STAT. §§] 100.18(11)(b)3., 893.43, 893.52, or 893.57, *an action concerning any act or omission* of a firm or any licensee associated with the firm relating to brokerage services shall be commenced within 2 years after whichever of the following that applies occurs first:
>
>  (a) A transaction is completed or closed.
>
>  (b) An agency agreement is terminated.
>
>  (c) An unconsummated transaction is terminated or expires.
>
>  **(2)** The period of limitation under this section may not be reduced by agreement.
>
>  **(3)** The period of limitation under this section does not apply to disciplinary actions initiated by the [real estate examining] board.

¶11 In its third-party complaint, the Estate alleged various wrongful acts by Tomlinson that "dr[ew]" the Estate into the litigation filed by Eddings and Bulgrin, "exposing the Estate to a potential award of damages and causing the Estate to incur attorney fees and litigation costs." The Estate "demand[ed] judgment" for "full indemnification against Tomlinson and Shorewest" or "[i]n the alternative, for a judgment for contribution" against them. Tomlinson moved to

dismiss the Estate's action because it had been filed more than two years after the closing on Young's home and is thus barred by the WIS. STAT. § 452.142 statute of repose. The circuit court granted Tomlinson's motion because "the clear language of [§] 452.142 is that the Wisconsin legislature intended that real estate professionals be free from all liability for acts and omissions while providing brokerage services two years after the closing." We agree it is that simple.

¶12 The Estate does not dispute that it filed its third-party complaint against Tomlinson more than two years after the January 2020 closing on Young's home. Nor does it dispute that the complaint constitutes "an action concerning an[] act or omission of a firm or any licensee associated with the firm relating to brokerage services" under WIS. STAT. § 452.142.[2] Indeed, the Estate's complaint fits this language exactly. Instead, the Estate contends that despite the plain language of § 452.142, the statute cannot bar its third-party action against Tomlinson because the specific claims alleged—indemnification or, alternatively, contribution—are common law claims, applying the statute to bar such claims would be an abrogation of the common law and a statute may not abrogate the common law absent "clear, unambiguous and peremptory language[] expressing the legislature's intent 'beyond any reasonable doubt,'" and the statute does not contain such language. The Estate does not persuade.

---

[2] The legislature and our courts both appear to recognize that indemnification and contribution claims constitute "an action." *See, e.g.*, WIS. STAT. § 893.89; *see also, e.g.*, ***Fleming v. Threshermen's Mut. Ins. Co.***, 131 Wis. 2d 123, 131, 388 N.W.2d 908 (1986); ***Union Pac. R.R. Co. v. Motive Equip., Inc.***, 2006 WI App 58, ¶4, 291 Wis. 2d 236, 714 N.W.2d 232; ***Brown v. LaChance***, 165 Wis. 2d 52, 63, 477 N.W.2d 296 (Ct. App. 1991); ***City of Menomonie v. Evensen Dodge, Inc.***, 163 Wis. 2d 226, 231-32, 471 N.W.2d 513 (Ct. App. 1991).

¶13     The Estate emphasizes that "contribution and indemnity are common law rights based upon principles of equity." It asserts that the circuit court's decision barring the Estate's claims "in essence … abrogates Wisconsin common law. The [circuit] court has barred the Estate from bringing common law claims that have not yet accrued." The Estate relies heavily upon language from our supreme court's decision in *Fuchsgruber v. Custom Accessories, Inc.*, 2001 WI 81, ¶25, 244 Wis. 2d 758, 628 N.W.2d 833 (emphasis added; citations omitted):

> It is axiomatic that a statute does not abrogate a rule of common law unless the abrogation is clearly expressed and leaves no doubt of the legislature's intent. Statutes in derogation of the common law are strictly construed. A statute does not *change* the common law unless the legislative purpose to do so is clearly expressed in the language of the statute. To accomplish a change in the common law, the language of the statute must be clear, unambiguous, and peremptory.

Latching onto this language, the Estate insists WIS. STAT. § 452.142 "does not contain any such clear, unambiguous and peremptory language, expressing the legislature's intent 'beyond any reasonable doubt,' to include claims for contribution or indemnification within its two-year statute of repose."

¶14     The Estate also directs us to our supreme court's decision in *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 307 N.W.2d 256 (1981). In *Kranzush*, the injured petitioner, relying on numerous statutory and administrative provisions the petitioner claimed "were intended to broaden coverage and facilitate recovery for injured claimants," sought to hold the tortfeasor's insurer liable for bad faith failure to settle a claim with the petitioner. *Id.* at 57, 66. Our supreme court concluded that no such cause of action existed under common law, noting it could find no Wisconsin case law recognizing "a

legal basis upon which a third-party claimant may recover from the tortfeasor's insurer for failure to settle a claim." *Id.* at 82. The court observed that the petitioner thus was attempting to "change" the common law by creating a right of action that did not exist. *Id.* at 74. The court noted "the need for a clear expression of intent to create a private right of action, especially where that right would be in clear derogation of the common law." *Id.* at 81.

¶15 The Estate further directs us to *McLeod v. Mudlaff*, 2013 WI 76, 350 Wis. 2d 182, 833 N.W.2d 735. The question in *McLeod* was whether the legislature had intended to "eliminate" the common law remedy allowing a court to declare a marriage "void" after one party of the marriage had passed away. The court recognized the difference between a statutory provision allowing for annulment of a marriage while both parties were still alive and the common law remedy allowing a court to declare a marriage "void" even after one party had passed away. The court stated, "If the legislature had wanted to *eliminate* this common law remedy, then it would have done so in clear, unambiguous language." *Id.*, ¶77 (emphasis added).

¶16 More than a decade after *Fuchsgruber*, in a case not cited by either party, our supreme court put the above-quoted language from *Fuchsgruber* into clearer perspective. In *MBS-Certified Pub. Accts., LLC v. Wisconsin Bell, Inc.*, 2012 WI 15, ¶59, 338 Wis. 2d 647, 809 N.W.2d 857, the defendants asserted, as the court phrased it, that "[i]f the legislature intended to make the [common law] voluntary payment doctrine *inapplicable* to claims under WIS. STAT. § 100.207 … it was required to make explicit reference to the doctrine in the text of that statute." [Emphasis added.] The defendants further asserted "that the absence of such a reference forecloses MBS's argument that th[is] common law defense is

inapplicable because it is inconsistent with the purposes of the statute." ***MBS-Certified***, 338 Wis. 2d 647, ¶59.

¶17     The ***MBS-Certified*** court rejected the defendants' assertions, noting that "'abrogate' means '[t]o annul, cancel, revoke, repeal, or destroy,'" ***id.***, ¶70 n.23 (quoting ***State v. Hobson***, 218 Wis. 2d 350, 577 N.W.2d 825 (1998) (citing *abrogate*, BLACK'S LAW DICTIONARY (6th ed. 1990))), but that MBS-Certified "makes no suggestion that by enacting WIS. STAT. § 100.207, the legislature intended to fully abrogate the common law [voluntary payment] doctrine. Rather, the argument is only that the legislature did not intend the doctrine to be a viable defense to an action under … § 100.207," ***MBS-Certified***, 338 Wis. 2d 647, ¶70.

¶18     Similarly, in the case now before us, Tomlinson does not argue that by enacting WIS. STAT. § 452.142, the legislature intended to "fully abrogate," "change," or "eliminate" the common law causes of action of indemnification and contribution. Instead, she argues the legislature did not intend those causes of action to be excepted from § 452.142's clear prohibition on any actions, other than certain disciplinary actions, against a firm or its licensee after two years from a completed transaction. Stated otherwise, she contends the legislature did not intend these common law bases of liability to usurp the repose intended by § 452.142 for real estate firms and licensees such as Tomlinson.

¶19     The clear intent of WIS. STAT. § 452.142 is to limit the liability of realtors and their firms after the passage of two years from the completed transaction. Allowing third-party claims like those of the Estate would significantly undermine that legislative purpose. *See **MBS-Certified***, 338 Wis. 2d 647, ¶54. As the circuit court noted, to allow the Estate's third-party claims against Tomlinson would effectively be an "end run" around the repose the

legislature clearly intended, and "[a] court's interpretation of a statute should not 'contravene a textually or contextually manifest statutory purpose.'" *See id.*, ¶58 (quoting *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 271 Wis. 2d 633, ¶49, 681 N.W.2d 110).

¶20 In this case, if Tomlinson were arguing that WIS. STAT. § 452.142 indicates the legislature's intent to do away with the common law claims of indemnification and contribution, we would agree the holdings of *Fuchsgruber*, *Kranzush*, and *McLeod* would control—i.e., to fully abrogate or change the common law, a statute must do so clearly, unambiguously, peremptorily and beyond reasonable doubt. But that is not what Tomlinson is arguing, nor what we are holding. She poses no challenge to the long-standing common law claims of indemnification and contribution; rather, similar to the situation before our supreme court in *MBS-Certified*, she is merely asserting, and we are holding, that the plain statutory language of § 452.142 does not except those claims.

¶21 Directing us to WIS. STAT. §§ 893.37 and 893.89(2), the Estate contends it is the legislature's "historical practice" to specifically reference a bar on contribution and indemnification claims in statutes of repose when it wants to bar such claims. Section 893.37 (emphasis added) provides:

> **Survey.** No action may be brought against an engineer or any professional land surveyor … to recover damages for negligence, errors, or omission in the making of any survey *nor for contribution or indemnity* related to such negligence, errors, or omissions more than 6 years after the completion of a survey.

Section 893.89, "Action for injury resulting from improvements to real property," states in relevant part:

> **(2)** …[N]o cause of action may accrue and no action may be commenced, *including an action for contribution*

11

> *or indemnity*, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period….

(Emphasis added.)[3]  From these statutes, the Estate asserts we should conclude that because the legislature did not include in WIS. STAT. § 452.142 similar language specifically referencing contribution and indemnification, it must not have intended to bar such claims.  Again, we are not persuaded.

¶22     The legislature's decision to take a "belt-and-suspenders" approach in these unrelated statutes from a different chapter by including specific indemnification and contribution language in WIS. STAT. §§ 893.37 and 893.89(2) does not mean the belt-alone approach of WIS. STAT. § 452.142 does not accomplish the same end.  Moreover, as Tomlinson points out, we would only look to these other statutes for guidance on the interpretation of § 452.142 if § 452.142 itself is ambiguous.[4]  As we stated in ***Waukesha County v. Johnson***,

---

[3] Tomlinson counters the Estate by directing us to other statutes of repose, ones that, like WIS. STAT. § 452.142, do not specifically mention indemnification or contribution—WIS. STAT. §§ 893.895, 440.977, 893.55, 895.047(5), and 893.555—claiming they nonetheless "bar <u>all actions</u> after the date of repose."  The Estate responds that because no published cases interpret these provisions to confirm the effect of their language, these statutes do not support Tomlinson's argument because it is unknown whether they in fact would be determined by a court to bar indemnification and/or contribution claims.  We think the more noteworthy observation related to these statutes of repose, as well as WIS. STAT. §§ 893.37 and 893.89(2), is that they all use unique language to accomplish their purpose—we see no model statutory repose language the legislature has consistently used.  Nonetheless, as indicated, because § 452.142 is not ambiguous, *see infra* ¶22, we also do not look to Tomlinson's cited statutes to determine the meaning of § 452.142.

[4] The Estate directs us to legislative history, which it claims is supportive of its position. As the Estate acknowledges, however, we would only delve into legislative history "[i]n the event [we] conclude[] that WIS. STAT. § 452.142 is ambiguous."  Because we conclude that the plain language of the statute is clear and unambiguous, we do not consider legislative history.  *See* ***State v. R.A.M.***, 2024 WI 26, ¶16, 412 Wis. 2d 285, 8 N.W.3d 349 ("[W]hen the meaning of a statute is plain, we do not consult legislative history to ascertain its meaning.").  That said, we note that the legislative history the Estate relies upon—undated, handwritten notes made by an unidentified person, which notes may or may not have ever been considered by any member of the legislature—is particularly unmoving.  *See* ***State v. Kizer***, 2021 WI App 46, ¶23 n.7, 398 Wis. 2d 697, 963 N.W.2d 136.

107 Wis. 2d 155, 162, 320 N.W.2d 1 (Ct. App. 1982), "[w]here … language of a statute is clear and unambiguous, we must give the statute the effect its language warrants." We continued:

> It is well-established that a statute in derogation of the common law must be strictly construed so as to have minimal effect on the common law rule. The canons of construction provide that a statute does not abrogate or change any principle or rule of common law unless it is so clearly expressed as to leave no doubt of the legislature's intent. However, for this rule of statutory construction to apply, three requirements must be met:
>
>> (1) there must be a common law doctrine in existence, or potentially in existence, relevant to the issue presented by the parties; (2) the statute in issue must be one which, construed as the party pleading it contended, would operate to change the common law; *and* (3) *the statute must be ambiguous on its face*.

*Id.* at 162-63 (emphases added; footnotes omitted). The "abrogate or change" canon of construction did not apply in ***Johnson*** because

> [a]lthough it is clear that there is a common law doctrine relevant to the issue at hand and that the statute is in derogation of that common law rule, it is also clear that the statute is unambiguous on its face. Consequently, we are precluded from interpreting the legislature's meaning through rules of statutory construction.

*Id.* at 163 (footnote omitted). The same holds in this case; we do not apply the "abrogate or change" canon of construction the Estate largely hangs its hat on because § 452.142 is "unambiguous on its face" in precluding any action, other than a disciplinary action, filed after two years from a closing on a property,

13

including the Estate's third-party action for indemnification/contribution.[5]  *See Johnson*, 107 Wis. 2d at 162-163.

¶23    We find our supreme court's decision in ***Tomczak v. Bailey***, 218 Wis. 2d 245, 578 N.W.2d 166 (1998), instructive for several reasons.  The Tomczaks purchased lots whose boundaries had been surveyed and staked by land surveyor Bailey.  *Id.* at 250.  Relying on these boundaries, the Tomczaks constructed a house and deck in conformity with Bailey's survey.  *Id.*  Several years later, a couple purchased property adjacent to the Tomczaks' property and learned through their own survey that the Tomczaks' house and deck were partially on their property.  *Id.* at 250-51.  The couple sued the Tomczaks for trespass and encroachment.  *Id.* at 251.  The Tomczaks in turn sued Bailey for negligence related to his survey, requesting attorney's fees and additional damages they incurred as a result of the couple's suit.  *Id.*  Bailey moved for summary judgment on the basis that the Tomczaks' action was barred by the six-year limitation period for "negligence, errors or omission" lawsuits against land surveyors in WIS. STAT. § 893.37.  *Id.* at 248 & n.1.  Opposing the motion, the Tomczaks contended, as the ***Tomczak*** court phrased it, that the limitation period

---

[5] Tomlinson points out that within WIS. STAT. § 452.142 itself, the legislature showed it knew how to except an action from the otherwise all-encompassing language, pointing out that the legislature included subsec. (3), which excepts specific disciplinary actions by stating, "The period of limitation under this section does not apply to disciplinary actions initiated by the [real estate examining] board." Thus, a "disciplinary action[] initiated by the board" is the only type of action excepted from the bar of § 452.142. Just as eagerly as it encourages us to look beyond the plain language of § 452.142, the Estate also encourages us to ignore the above § 452.142 exception for disciplinary actions, asserting we should not apply the canon of *expressio unius est exclusio alterius*—"the expression of one thing excludes another." We need not, and do not, rely upon this canon of construction either; we rely upon the facts alleged in the complaint falling squarely within the repose bar of the plain language of § 452.142. We do note, however, that within § 452.142, the legislature demonstrated its ability and willingness to carve out one particular type of "action" that the two-year bar does not apply to, yet chose not to carve out any other type of action—for contribution, indemnification, or otherwise.

"did not begin to run at least until they became aware of their encroachment on the [couple's] property." *Id.* at 251.

¶24    Both the circuit court and court of appeals rejected Bailey's summary judgment motion, concluding the common law discovery rule articulated in *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983), applied to the WIS. STAT. § 893.37 time limitation. We stated: "Because the language of § 893.37 … contains no rule of discovery, we conclude that it falls under the *Hansen* discovery rule." *Tomczak v. Bailey*, 206 Wis. 2d 405, 416, 557 N.W.2d 840 (Ct. App. 1996). On further appeal, our supreme court disagreed.

¶25    The supreme court noted that the WIS. STAT. § 893.37 statute of repose "provides that a cause of action must be commenced within a specified amount of time after the defendant's action which allegedly led to injury, regardless of whether the plaintiff has discovered the injury or wrongdoing." *Tomczak*, 218 Wis. 2d at 252. The court stated that § 893.37 was "not a statute of limitations, which bars an action not commenced within a specified amount of time after the cause of action 'accrues,'" and concluded that application of the *Hansen* discovery rule to § 893.37 would "run contrary to the plain language" of the statute. *Tomczak*, 218 Wis. 2d at 252. The court explained that "[i]n effect, the legislature has already determined when the claim 'accrues': the date the survey is completed, not the date that the injury is discovered," adding "[w]e are unwilling to change the legislature's decision on time limitation periods such as that provided by the surveyor's statute" and "the decision to close the courthouse doors on litigants with stale claims is a pure question of policy that is better left to the legislative branch of government." *Id.* at 254.

¶26    As the **Tomczak** court stated it, the Tomczaks had argued:

> [T]hat the legislature has not "grappled" with the inequities inherent with a limitation period that commences before the injury is discovered.  According to the Tomczaks, justice dictates that a time limitation period not begin to run on tort claims without discovery, unless the legislature has clearly illustrated, either through legislative history or by the language of the statute itself, that it has weighed the unfairness that such a result would produce against other policy considerations.

*Id.* at 254-55.  The **Tomczak** court was unmoved, concluding that "in adopting WIS. STAT. § 893.37, the legislature did consider the inequity of a time limitation period that commences prior to discovery, and yet determined that claims against surveyors will be barred six years after the survey has been completed, regardless of when the injury is discovered." **Tomczak**, 218 Wis. 2d at 255.  While the Estate here tries to play down the significance of **Tomczak** by stating that the **Tomczak** court "considered the legislative history of … § 893.37," the court made clear it was not relying on legislative history because "the plain language of § 893.37 is sufficient to support our conclusion."  **Tomczak**, 218 Wis. 2d at 255.  The court held that "the judicially-created [common law] **Hansen** discovery rule cannot be applied to a statute of repose." **Tomczak**, 218 Wis. 2d at 260.

¶27    Similarly, in this case, the legislature has determined that a claim against a realtor and/or his or her firm effectively "accrues," as relevant here, at the closing on the property sale.  This accrual date for a statute of repose is "a pure question of policy that is better left to the legislative branch of government."

16

*Id.* at 254.[6] The repose the legislature clearly intended with WIS. STAT. § 452.142 is not usurped by common law indemnification or contribution claims.

---

[6] The Estate also raises constitutional issues, in at best a half-hearted effort. Although its positions on these issues are not entirely clear, it appears to challenge WIS. STAT. § 452.142 on the basis that if it is interpreted and applied as the circuit court has done—so as to bar its third-party complaint raising indemnification or, alternatively, contribution claims—the provision violates article I, sections 9 and 1 of the Wisconsin Constitution and the Equal Protection and Due Process Clauses of the United States Constitution. At the same time, it also asserts, in its reply brief, that it "is *not* challenging the constitutionality of … § 452.142 facially or as applied." (Emphasis added.) No matter. At the end of the day, we reject the Estate's constitutional contentions because they are all insufficiently developed.

> Our supreme court has stated:
>
>> None of these constitutional arguments is presented in depth. They are referenced in a few paragraphs and are conclusory in nature. The arguments do little more than allege that the construction of the statute violates the provisions at issue. We need not address arguments presented in this fashion. As our court of appeals has explained:
>>
>>> Constitutional claims are very complicated from an analytic perspective, both to brief and to decide. A one or two paragraph statement that raises the specter of such claims is insufficient to constitute a valid appeal of these constitutional issues to this court. For us to address undeveloped constitutional claims, we would have to analyze them, develop them, and then decide them. We cannot serve as both advocate and court. For this reason, we generally choose not to decide issues that are not adequately developed by the parties in their briefs.
>>
>> Similarly, we cannot allow parties to simply raise the specter of a constitutional violation through insufficiently developed arguments in order to garner an interpretation of a statute in their favor.

*Wisconsin Conf. Bd. of Trs. of United Methodist Church, Inc. v. Culver*, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (citations omitted). The *Culver* principles fully apply here. The Estate advances its equal protection argument in two paragraphs/seven sentences and its due process argument in one paragraph/six sentences. As for the Estate's Article I, Section 9 challenge, while it is comprised of five paragraphs/sixteen sentences, it is no less conclusory and no better developed.

17

*By the Court.*—Order affirmed.

Recommended for publication in the official reports.